# EXHIBIT A

 

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company; and DOES 1 – 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KYLE JOHNSON, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Placer

OCT 28 2016

Jake Chatters
Executive Officer & Clerk
By: R. Brown, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
10820 Justice Center Drive, Roseville CA 95678

CASE NUMBER:
*(Número del Caso):*
**CV0038628**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (SBN 202091)
PACIFIC TRIAL ATTORNEYS, APC, 4100 Newport Place Drive, Suite 400,
Newport Beach, CA 92660

Fax No.: 949-706-6464
Phone No.: 949-706-6469

DATE:
*(Fecha)* OCT 2 8 2016

Clerk, by
*(Secretario)* **R. BROWN**

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Redbox Automated Retail, LLC, a Delaware limited liability Company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* limited liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adapted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms |



PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Placer

OCT 28 2016

Jake Chatters
Executive Officer & Clerk
By: R. Brown, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF PLACER

KYLE JOHNSON, an individual,

    Plaintiff,

    v.

REDBOX AUTOMATED RETAIL, LLC, a
Delaware limited liability company; and DOES 1
– 10, inclusive,

    Defendants.

Case No.  SCV0038628

COMPLAINT FOR VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION
ACT, 47 U.S.C. § 227 ET SEQ.

BY FAX

COMPLAINT

Plaintiff Kyle Johnson ("Plaintiff") complains and alleges as follows:

## I.  INTRODUCTION & OVERVIEW OF CLAIMS

1.     Plaintiff brings this action to redress the unlawful commercial practices employed by Defendant Redbox Automated Retail, LLC, a Delaware limited liability company (hereinafter "Defendant"), with its principal places of business in Oakbrook Terrace, Illinois and Bellevue, Washington, in negligently and/or willfully contacting Plaintiff on Plaintiff's cell phone, via text messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and thereby invading Plaintiff's privacy.  Specifically, Defendant has repeatedly sent commercial text messages to Plaintiff despite an express demand that Defendant stop doing so; indeed, the unwanted texts continue unabated to this day.  As detailed herein, this conduct amounts to a clear, ongoing, and unequivocal violation of the TCPA.  Accordingly, Defendant is liable to Plaintiff for substantial monetary penalties.

## II. JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action because the TCPA specifically authorizes private actions for violations of the TCPA to be brought in state courts.  (47 U.S.C. § 227(b)(3).)

3.     Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and conducted wrongful conduct alleged herein against residents of this County.

4.     Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III.   PARTIES

5.     Plaintiff Kyle Johnson is an individual adult resident and citizen of Placer County, California.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Redbox Automated Retail, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal places of business located at 1 Tower Lane, Suite 1200, Oakbrook Terrace, Illinois 60187, and 1800 114th Ave. SE, Bellevue, Washington 98004.  Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a "person" as

1    defined by 47 U.S.C. § 153(38), and that Defendant, at all times relevant, conducted business in the

2    State of California and in Placer County, within the Eastern District of California.

3          7.      The true names and capacities of the Defendants sued herein as DOES 1 through 10,

4    inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

5    Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged

6    herein.   Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and

7    capacities of the DOE Defendants when such identities become known.

8          8.      At all relevant times, each and every Defendant was acting as an agent and/or

9    employee of each of the other Defendants and was acting within the course and/or scope of said

10   agency and/or employment with the full knowledge and consent of each of the Defendants. Each of

11   the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each

12   of the other Defendants (Redbox Automated Retail, LLC and DOE Defendants will hereafter

13   collectively be referred to as "Defendant").

14                          **IV.     FACTUAL BACKGROUND**

15   **A.     Background of the TCPA**

16          9.      The purpose of the TCPA is to protect consumers from unwanted calls and text

17   messages like those received by Plaintiff from Defendant. Indeed: "Voluminous consumer complaints

18   about abuses of telephone technology—for example, computerized calls dispatched to private

19   homes—prompted Congress to pass the TCPA. Congress determined that federal legislation was

20   needed because telemarketers, by operating interstate, were escaping state-law prohibitions on

21   intrusive nuisance calls." (*Mims, supra,* 132 S.Ct. at 744.) In enacting the TCPA, Congress found

22   that "banning such automated or prerecorded telephone calls to the home, except when the receiving

23   party consents to receiving the call or when such calls are necessary in an emergency situation

24   affecting the health and safety of the consumer, is the only effective means of protecting telephone

25   consumers from this nuisance and privacy invasion." (TCPA, Pub.L No. 102-243, § 11.)

26          10.     The courts and the Federal Communications Commission ("FCC") have interpreted the

27   TCPA to include unwanted text messages within its prohibitions. (*See Satterfield v. Simon &*

28   *Schuster, Inc.,* 569 F.3d 946, 950-954 (9th Cir. 2009); *Kristensen v. Credit Payment Services,* 12

F.Supp.3d 1292, 1300 (D. Nev. 2014).)  In its Declaratory Ruling and Order issued on July 10, 2015, the FCC clarified that telephone calls and text messages have the same protections under FCC rules, and that text messages are "calls" for purposes of the TCPA.  (Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption; et al, Federal Communications Commission, 30 FCC Rcd. 7961, 8016-8022 (July 10, 2015).)

11.    In the same ruling and order, the FCC clarified how a consumer may revoke consent to continue to receive calls, including text messages. (*Id.*, 30 FCC Rcd. at 7993-7999.) The FCC ruled that "[c]onsumers have a right to revoke consent, using *any reasonable method including orally or in writing*." (*Id.*, 30 FCC Rcd. at 7996; emphasis added.)  In this connection, the FCC determined that "callers," including Defendant here, "may not control consumers' ability to revoke consent" by "designat[ing] the exclusive means by which consumers must revoke consent." (*Id.*)

12.    The elements of a cause of action under TCPA are "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." (*Mendez v. C-Two Group, Inc.*, 2015 WL 8477487, at *7 (N.D. Cal. Dec. 10, 2015) (quoting *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)).)

13.    A consumer may recover $500 in statutory damages for each violation of TCPA, and $1500 for violations that are proved to be willful. (*See* 47 U.S.C. § 227(b)(3), (c)(5)(B); *Bayat v. Bank of the West*, 2015 WL 1744342, at *2 (N.D. Cal. Apr. 15, 2015); *Kristensen, supra*, 12 F.Supp.3d at 1308; *Lary v. Trinity Physician Financial & Insurance Services*, 780 F.3d 1101, 1106-1107 (11th Cir. 2015) (treble damages available with showing that defendant knew of violation of TCPA).)

14.    Additionally, a successful plaintiff is also entitled to recover reasonable attorney's fees. (*See Bayat, supra*, 2015 WL 1744342, at *8-*10 (award of substantial attorneys' fees in TCPA class settlement).)

**B.    Facts of Plaintiff's Claims Against Defendant**

15.    Earlier this year, Plaintiff consented to receive automated commercial text messages from Defendant. Defendant placed these text messages using an "automatic telephone dialing system"

("ATDS") as defined by 47 U.S.C. § 227(a)(1).  This ATDS has the capacity to store or produce telephone numbers to be called, including Plaintiff's, using a random or sequential number generator.

16.     Later, Plaintiff withdrew consent to receive further commercial texts and notified Defendant to stop sending him commercial text messages – multiple times.

17.     Notwithstanding Plaintiff's unequivocal demand that such text messages cease, Defendant knowingly and willfully continued to send those messages to Plaintiff, and has continued to do so, unabated, to the present day.

18.     The text messages sent to Plaintiff by Defendant were not initiated for emergency purposes or made solely pursuant to the collection of a debt guaranteed by the United States, or otherwise exempted by rule or order of the FCC, as set forth in 47 U.S.C. § 227(b)(1)(B).

19.     These texts violated 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B).

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## ("TCPA"), 47 U.S.C. § 227, et seq.

### (Against All Defendants)

20.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

21.     The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

22.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

24.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

///

///

///

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER**

**PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.**

**(Against All Defendants)**

25.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

26.    As noted above, Defendant continued to send text messages to Plaintiff despite multiple demands to stop.  These acts constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

27.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

28.    Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

29.    Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

**On the First Cause of Action**

A.    Based on Defendants' negligent violations of the TCPA as set forth herein, an award of $500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(B);

B.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

C.    Reasonable attorneys' fees and costs; and

D.    Such other and further relief as this Court may deem appropriate.

///

///

- 5 -
COMPLAINT

<u>**On the Second Cause of Action**</u>

E.     Based on Defendants' knowing and/or willful violations of the TCPA as set forth herein, an award of up to $1500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(C);

F.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

G.     Reasonable attorneys' fees and costs; and

H.     Such other and further relief as this Court may deem appropriate.


Dated:  October 28, 2016                    PACIFIC TRIAL ATTORNEYS, APC


                                            By:_____
                                            Scott. J. Ferrell
                                            Attorneys for Plaintiff

# Superior Court of the State of California
## In and For The County of Placer

CASE NO. SCV0038628

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

·DATE:  **February 21, 2017**
TIME:  ☑10:00 A.M. If your case number starts with "S-CV"
      ☐10:30 A.M. If your case number starts with "S-CV" and is deemed Complex
      ☐11:00 A.M. If your case number starts with "M-CV"
DEPT:  **40 - 10820 Justice Center Drive, Roseville, California**

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date.  If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date.  The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center.  For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference.  You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference."  If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings.  If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Scott J. Ferrell (SBN: 202091)
**PACIFIC TRIAL ATTORNEYS, A Professional Corporation**
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660
TELEPHONE NO.: 949-706-6464     FAX NO.: 949-706-6469
ATTORNEY FOR *(Name):* Kyle Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **PLACER**
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville CA 95678
BRANCH NAME: Civil Division

CASE NAME:
JOHNSON v. REDBOX AUTOMATED RETAIL, LLC, et al.

**FILED**
Superior Court of California
County of Placer

OCT 28 2016

Jake Chatters
Executive Officer & Clerk
By: R. Brown, Deputy

CASE NUMBER: **SCV0038628**

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 28, 2016

Scott J. Ferrell
*(TYPE OR PRINT NAME)*            *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2007)
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF PLACER

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Placer (Placer County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution. This packet is provided in compliance with California Rules of Court, Rule 3.221.

**What is Alternative Dispute Resolution?**
Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration     • Mediation     • Settlement Conferences     • Private judging
- Neutral evaluation     • Mini-trials     • Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Placer County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**
ADR can have a number of advantages over traditional court litigation.

❖ **ADR can save time.** Even in a complex case, a dispute can often be resolved through ADR in a matter of months or weeks, while a lawsuit can often take years.

❖ **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses.)

❖ **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses primarily on the parties' legal rights and responsibilities.

❖ **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situations and that will best serve their particular needs.

❖ **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit.

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Revised 2-1-2012
Page 1 of 2                                                              www.placer.courts.ca.gov

**Arbitration and Mediation**
Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation.

***Arbitration***
An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

The plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. If a judge orders a case to arbitration, the court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties. Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules, Chapter 20.1.9. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

***Mediation***
Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps the parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Parties to a civil action may agree to privately mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount set by the Mediator.

**Notice Requirements**
Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this ADR Information Sheet from the Court Website, http://www.placer.courts.ca.gov/, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Parties must indicate the types of ADR process(es) the parties are willing to or have participated in on the *Case Management Statement* (Form CM-110) prior to the Case Management Conference.**

**Additional Information**
For more information on the specific ADR programs of the Placer Superior Court, please review the Local Rules of the Placer County Superior Court, available at all court locations and on-line at www.placer.courts.ca.gov.

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Revised 2-1-2012
Page 2 of 2

www.placer.courts.ca.gov